Charles **REED**, Donald Larson, Mosa Mosed Said, Robert Blainey, Vincent Sylvis, Stanley Bekish, Albert Merchant, Martin Tighe, Said Mudhegi, Richard Waeme, Robert LaHaie, Ali Yahya, and Thomas Puharic, Plaintiffs,

v.

**AMERICAN STEAMSHIP CO.**, Cleveland Tankers, Rouge Steel, Interlake Steamship, Huron Cement, Bob–Lo, Cleveland Cliffs Iron Co. and Huron Cement, Division of National Gypsum Co., Defendants.

No. 85–74428.

United States District Court, E.D. Michigan, S.D.

March 29, 1988.

Albert Miller, Garan Lucow Miller Seward Cooper & Becker, Detroit, Mich., for American Steamship.

Richard Dietz, Foster, Meadows & Ballard, Detroit, Mich., for Cleveland Tankers.

John A. Mundell, Jr., Foster, Meadows and Ballard, Detroit, Mich., for Rouge Steel.

Paul D. Galea, Foster, Meadows & Ballard, Detroit, Mich., for Interlake Steamship.

David Davies, Ray Robinson Janninen & Carle, Cleveland, Ohio, for Huron Cement, Div. of Nat. Gypsum Co.

Robert Davis, Hill Lewis Adams Goodrich & Tait, Detroit, Mich., for defendants

Huron Cement, Div., Nat. Gypsum Co. and Cleveland Cliffs Iron Co.

Robert N. Dunn, Foster, Meadows & Ballard, Detroit, Mich., for Bob–Lo.

William Carle, Ray Robinson Janninen & Carle, Cleveland, Ohio, for Cleveland Cliffs Iron Co.

Dennis O'Bryan, Birmingham, Mich., for plaintiffs.

## MEMORANDUM OPINION

RALPH M. FREEMAN, District Judge.

On November 11, 1987, this Court certified this litigation as a class action. Plaintiffs in this class action are seamen who sustained injury and/or illness, rendering them unfit for duty during the course of their employment with various Defendant vessels. These seamen were paid maintenance benefits but not unearned wages. Plaintiffs filed this suit to recover payments for unearned wages. The matter is presently before the Court on Defendants' motions for partial dismissal, for reconsideration and for a protective order and on Plaintiffs' motion to compel discovery.[1]

### I. Defendants' Motion for Partial Dismissal

This Court previously denied a similar motion to dismiss, brought by one of the Defendants, Cleveland Cliffs Iron Company. With respect to the prior motion, the Court declined to dismiss claims which accrued more than three years prior to the commencement of this action because the Court viewed the claims as being contractual in nature and not governed by the maritime tort three year statute of limitations period. The Court did not discuss the reasoning behind its decision in great detail in that earlier opinion, dated November 11, 1987, and now considers it appropriate, in deciding the instant motion, to explain the reasoning which supports its earlier decision and the decision herein.

The issue raised by the Defendants' motion for partial dismissal is simply whether Plaintiffs' claims for unearned wages are governed by a statute of limitations for maritime torts. While the issue appears simple enough, the resolution of the issue is relatively complex. Resolution of the issue requires an understanding of the nature of Plaintiffs' claims, the legislative history of 46 U.S.C.App. § 763a, and the case law interpreting that section.

Plaintiffs' claims for unearned wages fall under the general maritime heading of claims for maintenance and cure. The Court in *Gardiner v. Sea–Land Service, Inc.*, 786 F.2d 943 (9th Cir.1986), summarized the maritime right to maintenance as follows:

> The Seaman's right to maintenance dates back to the Middle Ages. "Maintenance" is the duty of a shipowner to provide food and lodging to a seaman who falls ill or becomes injured while in the service of the ship. The right to maintenance is tied to the right to cure, i.e., necessary medical services, and both extend to the point of "maximum recovery." In addition, a seaman is entitled to recover unearned wages. In sum, the elements of the common law maintenance and cure action included a living allowance during the recovery period (maintenance), reimbursement for medical expenses (cure), and unearned wages for the period from the onset of injury or illness until the end of the voyage.

> \* \* \* \* \* \*

> The duty to provide maintenance is imposed by law. The obligation is said to be an incident of the status of the seaman, and "contractual" *only* in that the obligation has its source in the employment relationship. Although courts have sometimes characterized the duty as an "implied contract provision," they have consistently held that the right to maintenance cannot be abrogated by contract.

---

1. On January 4, 1988 this Court heard oral arguments on all motions filed by the parties. The Court orally granted Plaintiffs' motion to amend the complaint and substitute a party. However, the Court required additional briefing on the remaining motions. Thus, this memorandum pertains only to those motions taken under advisement.

Id. at 945–46. (citations omitted) (emphasis added). Thus, a claim for unearned wages is a part of a broader claim for maintenance and cure. Also, the employer's obligation to provide unearned wages arises out of the employment relationship or is contractual in nature.

However, claims for maintenance and cure do not fall neatly into a strictly contractual category. Maintenance and cure claims are contractual only in the sense that the duty to provide maintenance and cure arises from the employment relationship. Id. In other respects, claims for maintenance and cure resemble tort claims because claims for maintenance and cure often arise out of personal injury or illness in the course of a seaman's employment and such claims are often joined with claims of negligence or unseaworthiness against the shipowner. Nevertheless, "maintenance and cure are due without regard to negligence or unseaworthiness, and the claim for maintenance and cure can be filed separately from whatever Jones Act (negligence) or unseaworthiness claims are also available." *Cooper v. Diamond M. Co.*, 799 F.2d 176, 178 (5th Cir.1986). Claims for maintenance and cure therefore do not fall within the traditional categories of either contracts or torts. *Miller v. Standard Oil Co.*, 199 F.2d 457 (7th Cir. 1952). The "mutable" characteristic of claims for maintenance and cure gives rise to the dilemma regarding the applicable limitations period.

■ Defendants request this Court to enter an order dismissing any claims by Plaintiffs for unearned wages incurred prior to September 25, 1985 or three years prior to the commencement of the present action. Defendants contend that such claims are governed by the statute of limitations for maritime torts as set forth in 46 U.S.C.App. § 763a. Section 763a provides as follows:

Unless otherwise specified by law, a suit for recovery of damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years of the date the cause of action accrued.

Plaintiffs oppose Defendants' motion for partial dismissal by asserting that their claim for unearned wages is contractual in nature and is not governed by the three year limitation period for maritime torts. Defendants now contend that, with the enactment of 46 U.S.C.App. § 763a in 1980, maintenance and cure causes of action are no longer governed by the doctrine of laches but are instead controlled by the three year limitation period in § 763a. Defendants rely on the legislative history of § 763a and some cases discussing § 763a. However, the Court is of the opinion that neither the legislative history nor the case law is supportive of Defendants' position. The Court agrees with Plaintiffs' position that their claim for unearned wages is contractual in nature and is not governed by the three year limitation period for maritime torts.

The legislative history relating to § 763a indicates that the purpose of the legislation was to "establish a uniform national statute of limitations for maritime torts." H.Rep. No. 737, 96th Cong., 2d Sess. 1 reprinted in 1980 U.S.Code Cong. and Adm. News 3303. In discussing the need for a uniform statute of limitations for maritime torts, the house report pointed out that causes of action brought under the general admiralty concept of unseaworthiness had been governed by the doctrine of laches which permitted a trial judge to determine what limitation period should apply to a particular claim of unseaworthiness. Divergent interpretations of timeliness of unseaworthiness claims resulted from application of the doctrine of laches. The inconsistency in applying the doctrine of laches to unseaworthiness claims resulted in many litigants choosing the most favorable forum in which to bring suit. Id. Therefore, the House perceived a need for a uniform statute of limitations for unseaworthiness claims. Although the doctrine of laches has traditionally been applied to suits for maintenance and cure, it does not follow that Congress intended to apply a uniform limitation period for such suits. The legislative history only discusses the need for uniformity with respect to claims of unseaworthiness and is completely lacking in ref-

erence to any other type of general admiralty claim such as a claim for maintenance and cure. There is nothing in the legislative history which indicates that Congress ever considered claims for maintenance and cure in enacting § 763a. The Court concludes that the legislative history behind § 763a does not support the position that the statute of limitations for maritime torts also applies to claims for maintenance and cure.

Defendants also rely on the case of *Cooper v. Diamond M. Co.*, 799 F.2d 176 (5th Cir.1986) to support their contention that § 763a applies to claims for maintenance and cure. Cooper was a steward on the Defendant's vessel and was injured when she slipped and fell in some water that had allegedly leaked from a refrigeration unit. The district court in *Cooper* rejected Cooper's claim that the obligation to provide maintenance and cure was contractual and governed by the applicable statute of limitations for contract claims. Instead, the district court concluded that laches applied to Cooper's maintenance and cure claim. The district court held that Cooper's claim for maintenance and cure was barred by the doctrine of laches because Cooper was unable to show that the Defendant was not prejudiced by her delay in asserting her claim. Cooper appealed the decision of the district court.

The Fifth Circuit Court of Appeals concluded that the district court applied the incorrect legal standard in determining when Cooper's maintenance and cure claim accrued. Significantly, the Fifth Circuit did not conclude that the district court was incorrect in applying the doctrine of laches to the claim, only that the court incorrectly determined the accrual date of the maintenance and cure claim. The Fifth Circuit found that Cooper's maintenance and cure claim was timely filed because the claim accrued on the date on which she became incapacitated to do a seaman's work rather than on the date of the initial slip and fall injury, as the district court had determined. The appellate court noted that the maintenance and cure claim accrued in April '83 and was asserted in November '84 and was

within the three year statute of limitations embodied in § 763a.

Once the appellate court determined the correct accrual date, the court looked to the statute of limitations for an analogous claim. In that slip and fall case, an analagous claim was a tort claim and thus the court looked to the statute of limitations for maritime torts, § 763a. Because Cooper's claim fell within the statute of limitations for § 763a, the appellate court correctly concluded that the claim could not be time barred by the doctrine of laches because there was no inexcusable delay. The issue of whether § 763a applied directly to all claims for maintenance and cure was not before the court and therefore the court did not actually decide the issue.

Defendants also rely on the case of *Jonathon Chacon–Gordon v. M/V Eugenio "C" and Costa Armatori, S.P.A.*, 1987 AMC 1886 (SD Fla., 1987) [Available on WESTLAW, 1987 WL 17693] to support their position that § 763a applies to maintenance and cure claims. That case cited *Cooper* as authority for applying a three year statute of limitations to maintenance and cure claims. Because this court is of the opinion that Cooper does not stand for such a conclusion, this court declines to follow the holding of the *Jonathon Chacon–Gordon* case.

A leading treatise on admiralty law contains the following passage relating to claims for maintenance and cure and the applicability of the statute of limitations in § 763a:

Maintenance and cure suits are *not* affected by the Uniform Statute of Limitations for Maritime Torts. Maintenance and cure is contractual in nature and a continuing obligation. However, the failure to furnish cure *is* a personal injury which gives rise to a tort remedy and therefore is subject to the three year limitation period.

The doctrine of laches applies in maintenance and cure suits. Generally, a state statute of limitations applicable to a similar injury on land may by analogy furnish a suitable yardstick to determine what constitutes laches.

Norris, *The Law of Seamen,* § 26:43 (1985) (footnotes omitted) (emphasis added).

■ The instant case is not a situation where the Defendants failed to furnish cure thereby subjecting Plaintiffs' claims to the three year statute of limitations. The plain language of § 763a states that a three year limitation period applies to suits for the recovery of damages for personal injury or death. Claims for personal injury or death damages are clearly distinct from claims for maintenance and cure. Thus, the Court is of the opinion that it is essentially correct to state that § 763a does not affect suits for maintenance and cure.

The instant case is not a suit for the recovery of personal injury or death damages but is a suit for the recovery of damages in the form of unearned wages. The parties in this case are subject to collective bargaining agreements and/or shipping articles which may have some bearing on a seaman's entitlement to unearned wages. The Court concludes that because a claim for unearned wages arises from an employment relationship which is governed by collective bargaining agreements or shipping articles, the claim is contractual in nature. Therefore, the Court would look to the analogous state statute of limitations for contracts in determining whether there was inexcusable delay and prejudice in asserting a claim for unearned wages.

The Court concludes that the doctrine of laches applies to Plaintiffs' claims for unearned wages. Therefore the Court refuses to automatically dismiss claims which accrued more than three years prior to the commencement of this action unless the prerequisites to a laches defense are satisfied. Accordingly, Defendants' motion for partial dismissal is denied.

## II. *Plaintiffs' Motion to Compel Discovery and Defendants' Motion for Protective Order*

Plaintiffs request an order from this Court requiring Defendants to answer two interrogatories and one request for production of documents. The interrogatories ask for names and addresses of any injured seamen in the last six years and request the Defendants to identify any defenses to the Plaintiffs' claims. Defendants oppose giving names and addresses of injured seamen to Plaintiffs' counsel because the compilation of such a list would be expensive and burdensome and because they fear that such a list of persons will be used by Plaintiffs' counsel for the purpose of soliciting more Jones Act litigation. Defendants request that if they are required to answer interrogatories they be permitted to delete names and addresses. Defendants alternatively request a protective order requiring that there be no direct contact by the attorneys with members of the class regarding this litigation or Defendants' request that the Court designate an independent third party through which all communications to class members can proceed.

■ The Court is of the opinion that appointing an independent third party to receive and dispense communications to class members is not a reasonable option and that a blanket protective order barring all communications is not warranted in this case at this time. It is well established that "an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 101, 101 S.Ct. 2193, 2200, 68 L.Ed.2d 693 (1981). The order should further and not hinder the policies behind the rule governing class actions and should be narrowly drawn in order to limit speech as little as possible. Id. at 102, 101 S.Ct. at 2201. See also *Williams v. United States Dist. Court,* 658 F.2d 430, 435 (6th Cir.1981). Thus, a blanket order prohibiting all communication between potential class members and their attorneys is impermissible.

However, the Court is mindful of the potential for abuses associated with attorney communications with class members. The Sixth Circuit stated that the potential abuses are:

(1) the susceptibility of nonparty class members to solicitation amounting to barratry,

(2) the increased opportunities of the parties or counsel to 'drum up' participation in the proceeding, and

(3) unapproved communication to class members that misrepresent the status or effect of the pending action.

*Williams,* 658 F.2d at 436 (citing *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981)).

Defendants submitted a copy of a brochure which Plaintiffs' counsel allegedly sends in mass mailings to all seamen. The brochure indicates that counsel for Plaintiffs specializes in admiralty law. While the Court has due regard for Plaintiffs' counsel's ethical professionalism, the Court views the brochure as some evidence that there is at least a potential for abusive communications with class members. Thus, there is a need for some limitation of communications in this case. The Court would consider a protective order restricting communications to those necessary for litigating the issues raised by this case.

 The Defendants should comply with the Plaintiffs' discovery requests in interrogatories numbers 1 and 4, with the understanding that their disclosure will be the subject of a narrowly drawn protective order. The names and addresses of potential class members are necessary for the purpose of giving members notice of the class action as required by Rule 23(c)(2) and thus should not be deleted. Information relating to potential defenses with respect to the claims of the class members is also relevant to the liability portion of this action. Nor should compliance with Plaintiffs' requests be as burdensome as claimed by Defendants since the Defendants already must have compiled a list of persons who are class members in order to comply with this Court's earlier directive to disclose numbers of potential class members so that a determination of numerosity could be made. In order to now comply with Plaintiffs' request, the Defendants need only supply the names and addresses to the numbers of persons already calculat-

ed. The Court will not order Plaintiffs to bear the costs of the requests at this time.

### III. Defendants' Motion for Reconsideration of Decision Certifying Class

 Defendants request that this Court reconsider its decision to certify the litigation as a class action. Defendants contend that since this litigation presents one common question of law, a simpler means of resolving the class action would be for Plaintiffs' attorney to move for summary judgment on a single seaman's claim and have the issue resolved at the trial court and appellate court level. Defendants then assert that the principles of *stare decisis* would govern all subsequent claims.

The Court has already considered the issue of whether it would be more difficult to resolve the claims of Plaintiffs in a class action or by individual lawsuits. Defendants have not shown a palpable defect which misled the Court when it concluded that a class action was the superior means for resolving the dispute between the parties. See Rule 17(m)(3), Local Rules of the Eastern District of Michigan. The arguments raised now by Defendants for resolving this litigation in a piecemeal fashion do not persuade this Court to reconsider its earlier decision. The principles of *stare decisis* would not require another court to be bound by the decision of this Court with respect to a single motion for summary judgment on a particular fact situation. Nor would it be more efficient to require the numerous plaintiffs in this action to await a potentially lengthy appellate process before pursuing their claims individually in various district courts around the country. Accordingly, Defendants' motion for reconsideration is denied.

### IV. Conclusion

For the reasons set forth above, Defendants' motion for partial dismissal is denied. Defendants' motion for a protective order is granted and the parties are directed to submit a proposed protective order. Defendants' motion for reconsideration of class action certification is denied. Plaintiffs' motion to compel discovery is granted

subject to entry of the aforementioned protective order. Plaintiffs shall submit appropriate orders, approved as to form by Defendants.