William John PRUDE, III, Appellant,

v.

WESTERN SEAFOOD COMPANY,
et al., Appellees.

No. C14–87–702–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 30, 1989.
Rehearing Denied May 14, 1989.

Paul R. Miller, Houston, for appellant.

Glen Kratochvil, Ernest M. Powell, III, Houston, for appellees.

Before JUNELL, SEARS and CANNON, JJ.

OPINION

SEARS, Justice.

This is an appeal from a summary judgment. Appellant filed a lawsuit under the Jones Act, 46 U.S.C.App. § 688, and under admiralty, for unseaworthiness and maintenance and cure, to recover damages for injuries he sustained while employed on the vessel Michael F. The trial court granted Western Seafood Company's and Texas Seafood Company's Motion for Summary Judgment, dismissing those defendants. The court also granted Michael F. Inc.'s Motion for Summary Judgment on Appellant's Jones Act causes of action for negligence, failure to pay wages and for penalty wages. Subsequently, the trial court also granted Michael F. Inc.'s Motion for Summary Judgment dismissing Appellant's causes of action for unseaworthiness and maintenance and cure. Appellant is appealing only the summary judgment dismissing the cause of action for cure against Michael F. Inc. We reverse and remand.

Appellant asserts two points of error on appeal contending the trial court erred in granting Michael F. Inc.'s Motion for Summary Judgment on his claim for cure.

The record reveals that Appellant was injured on June 8, 1979, when a fishhook struck his right eye. Appellant was working as a seaman aboard the vessel Michael F. when the injury occurred. The vessel is owned and operated by Appellee, Michael F. Inc. Appellant was admitted to the Community Hospital of Brazosport on June 10, 1979, where he remained for six days. He was examined by an ophthalmologist, Dr. Frank J. Grady, on June 19, 1979. The examination revealed that a cataract had developed on Appellant's right eye as a direct result of this injury. Appellant's vision was 20/200 and his condition failed to improve. On November 15, 1979, Dr. Grady performed surgery to remove the cataract from Appellant's eye. This procedure necessitated the removal of the lens of the eye. Dr. Grady did not perform a lens implant to replace the lens because Appellant was only seventeen years old and this procedure was not recommended until

full growth of the eye had been achieved. On February 29, 1980, Dr. Grady prescribed a soft contact lens for Appellant which corrected his vision to 20/25; however, Appellant suffered double vision when using the contact lens. Appellee apparently paid all of Appellant's medical expenses associated with this eye injury through December 1980.

Appellant began experiencing difficulty in keeping the lens in his right eye and again visited Dr. Grady in October 1983. At this time, Appellant was twenty-one years old and the possibility of lens implant surgery was discussed. Dr. Grady felt that the surgery was indicated and that it would improve Appellant's vision. Appellant was scheduled for the surgery and Appellee was contacted for a guarantee of payment of the hospital and medical expenses. Appellee refused to pay these expenses and Appellant filed his lawsuit on October 5, 1984.

■ Maintenance and cure are centuries old remedies under the general maritime law and are due the seaman without regard to the negligence of the employer or the seaworthiness of the ship. *Maritime Overseas Corp. v. Thomas*, 681 S.W.2d 160, 161 (Tex.App.—Houston [14th Dist.] 1984, no writ). A seaman's right to maintenance and cure is implicit in the contractual relationship between the seaman and his employer, and is designed to ensure the recovery of the seaman upon injury or sickness sustained in the service of the ship. *Pelotto v. L & N Towing Company*, 604 F.2d 396, 400 (5th Cir.1979); *Parker v. Texaco, Inc.*, 549 F.Supp. 71, 76 (E.D.La.1982). Maintenance is a *per diem* living allowance paid so long as the seaman is outside the hospital and has not reached the point of "maximum cure." Cure involves the payment of therapeutic, medical and hospital expenses not otherwise furnished to the seaman and is also payable until the point of "maximum cure." *Pelotto v. L & N Towing Company*, 604 F.2d at 400. Maximum cure is achieved when it appears probable that further treatment will result in no improvement of the seaman's condition. *Farrell v. United States*, 336 U.S.

511, 69 S.Ct. 707, 711, 93 L.Ed. 850 (1949); *Kratzer v. Capital Marine Supply, Inc.,* 490 F.Supp. 222, 229 (M.D.La.1980).

█ Appellee contends that Appellant's claim for cure is governed by the statute of limitations for maritime torts as provided in 46 U.S.C.App. § 763a. Appellee further maintains that Appellant's claim accrued at the time of his injury, June 8, 1979, because he was incapacitated for seaman's work at that time; therefore, Appellee contends the claim was properly dismissed pursuant to § 763a. We disagree with both contentions.

Section 763a provides as follows:

Unless otherwise specified by law, a suit for recovery of damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years of the date the cause of action accrued.

46 U.S.C.App. § 763a. However, maintenance and cure claims are viewed as contractual in nature and are not governed by the three year statute of limitation period in § 763a. *Reed v. American S.S. Co.,* 682 F.Supp. 333, 336–38 (E.D.Mich.1988); Norris, *The Law of Seamen,* § 26:43 (1985).

Appellee relies on *Cooper v. Diamond M Co.,* 799 F.2d 176 (5th Cir.1986), *cert. denied,* 481 U.S. 1048, 107 S.Ct. 2177, 95 L.Ed.2d 834 (1987), to support its position that § 763a applies to claims for maintenance and cure. Cooper was employed as a steward on the defendant's vessel when she slipped and fell in water that had allegedly leaked from a refrigerator unit. She continued to work albeit in pain for approximately four years after the injury. The district court found that Cooper's claim for maintenance and cure accrued at the time of her injury and that the claim was barred by the doctrine of laches because Cooper failed to show that the defendant was not prejudiced by the delay in assertion of the claim. On appeal, the Fifth Circuit Court of Appeals held that the district court applied an incorrect legal standard in determining when the maintenance and cure cause of action accrued. That court noted that maintenance and cure claims are due the seaman without regard to negligence or unseaworthiness and pointed out that the cause of action did not accrue until Cooper "became incapacitated to do a seaman's work." Thus, the court concluded the claim for maintenance and cure accrued at the time she was incapacitated for work rather than when she was first injured. The Fifth Circuit then looked to the statute of limitation of § 763a for an analogy to determine whether the claim would be barred by laches. Because Cooper's claim was brought one year after it accrued, well within the limitations period of § 763a, the court held that the claim could not be barred by the doctrine of laches because there was no inexcusable delay. We must therefore determine when Appellant's course of action accrued and then determine if it was timely filed or if the doctrine of laches should be applied.

█ A seaman is entitled to payment of his therapeutic, medical and hospital expenses until he reaches the point of maximum medical recovery. *Farrell v. United States,* 69 S.Ct. at 710–11. Because of the continuing nature of the shipowner's obligation to pay maintenance and cure, seamen have always been accorded the right to bring serial suits to collect maintenance and cure payments as they come due. *Farrell v. United States,* 69 S.Ct. at 711; *Cooper v. Diamond M. Co.,* 799 F.2d at 179; *Pelotto v. L & N Towing Co.,* 604 F.2d at 401. Further, a shipowner's obligation to supply maintenance and cure may be revived by the subsequent appearance of new means of treatment after it has been discharged by the apparent achievement of maximum cure. *Sobosle v. United States Steel Corp.,* 359 F.2d 7, 11 (3rd Cir.1966); *See Farrell v. United States,* 69 S.Ct. at 711. Also, when there are ambiguities or doubts, they are resolved in favor of the seaman. *Vaughan v. Atkinson,* 369 U.S. 527, 82 S.Ct. 997, 1000, 8 L.Ed.2d 88 (1962).

█ The uncontradicted evidence before us is that lens implant surgery was the "maximum cure" for Appellant's injury. Dr. Grady stated in his deposition that the reason he did not perform the lens implant surgery prior to 1983 was because the surgery was not considered appropriate for a

person of Appellant's age. Dr. Grady indicated that the lens implant procedure would improve Appellant's condition and give him the best possible vision. He testified that implant surgery was the best available means of treatment for Appellant's injury, that the lens implant will function better than the soft contact lens, and that Appellant will not experience the double vision problems that he has had with the soft contact lens. The doctor further stated that the reasonable and necessary charges for the operation are $4300.00. The evidence also shows that Appellee paid all of Appellant's cure claims until 1983 when the guarantee of payment for the lens implant surgery was denied.

Laches is an equitable defense which requires a finding of both inexcusable delay in instituting a suit and prejudice resulting to the defendant from such delay. *Sobosle v. United States Steel Corp.*, 359 F.2d at 12–13; *Akers v. State Marine Lines, Inc.*, 344 F.2d 217, 219 (5th Cir. 1965). However, in determining whether there has been inexcusable delay, the court looks to the statute of limitations for an analogous state claim. *Reed v. American S.S. Co.*, 682 F.Supp. at 337. In a suit for maintenance and cure, the cause of action is contractual. *Pacific S.S. Co. v. Peterson*, 278 U.S. 130, 138, 49 S.Ct. 75, 77, 73 L.Ed. 220 (1928). Therefore, the analogous statute of limitations for Appellant's cure claim would be the four year statute of limitations applicable to contractual claims provided in TEX.CIV.PRAC. & REM.CODE § 16.004 (Vernon 1986). *See Loverich v. Warner Co.*, 118 F.2d 690, 693 (3rd Cir. 1941); *Marshall v. International Mercantile Marine Co.*, 39 F.2d 551, 552 (2nd Cir.1930); *Reed v. American S.S. Co.*, 682 F.Supp. at 338. Where the suit was filed within the analogous statute of limitation, there is no inexcusable delay and the claim is not barred by laches. *Reed v. American S.S. Co.*, 682 F.Supp. at 337.

We hold that Appellant's cause of action for cure was a contractual claim and did not accrue until October 1983 when Appellee refused to pay for the lens implant surgery. Appellant filed his claim for cure in October, 1984, one year later. Therefore, the claim was not barred by laches and the trial court erred in entering summary judgment dismissing Appellant's claim for cure. Points of error one and two are sustained.

Accordingly, the judgment of the trial court is reversed and the cause is remanded to the trial court for further proceedings.