OLIVER v NATIONAL GYPSUM COMPANY, CEMENT DIVISION

Docket No. 118112. Submitted June 22, 1990, at Detroit. Decided
   March 5, 1991, at 9:05 A.M. Leave to appeal sought.

   Joanne Oliver, for herself, and as personal representative of the
   estate of Thomas W. Oliver, deceased, brought an action for
   wrongful death under the Jones Act, 46 USC 688, and general
   maritime law in the Wayne Circuit Court against National
   Gypsum Company, Cement Division, the decedent's former
   employer. The court, Robert J. Colombo, Jr., J., granted sum-
   mary disposition for the defendant, finding insufficient causa-
   tion as a matter of law, that the claims under the Jones Act
   and for maintenance and cure were barred by the applicable
   statute of limitations, and that the claim for unseaworthiness
   was barred by laches. The plaintiff appealed.

       The Court of Appeals *held:*

       1. The trial court properly dismissed the plaintiff's claim
   under the Jones Act as time-barred. The decedent knew or had
   a reasonable opportunity to discover the critical facts of his
   condition and its cause no later than his last day of employ-
   ment. Plaintiff's cause of action accrued no later than that
   date, and her claim was not filed within the three-year limita-
   tion period, provided under the Federal Employers' Liability
   Act, applicable to the claim.

       2. Plaintiff's claim of unseaworthiness is also barred by the
   three-year statute of limitations provided under 46 USC 763a.
   Even though the cause of action may have accrued before the
   enactment of § 763a, the statute is applicable because the
   complaint was not filed within three years of the effective date
   of § 763a.

       3. The trial court's reliance on the equitable doctrine of
   laches in deciding to dismiss the unseaworthiness claim was
   not error. The court properly noted as factors in its decision the
   decedent's intervening death, the plaintiff's failure to show no

REFERENCES

Am Jur 2d, Admiralty §§ 190. 191, 193.

See the Index to Annotations under Admiralty; Jones Act; Laches
   and Delay; Limitation of Actions; Maintenance and Cure; Seawor-
   thiness.

prejudice to the defendant, and the plaintiff's failure to present a reasonable explanation for the delay in filing the lawsuit, using the three-year tort limitation period as a guide.

4. Dismissal of the claim for maintenance and cure was proper, although the court's finding that the claim was time-barred by the three-year statutory limitation period for personal injury actions was incorrect. The doctrine of laches is utilized to judge the timeliness of maintenance and cure claims. Because the occasion to assert a claim for maintenance and cure is a personal injury, and the claim is usually appended to Jones Act and unseaworthiness claims, it is appropriate to use the three-year limitation period of 46 USC 763a as a standard to evaluate a laches defense. The record and the court's stated reasons for finding the plaintiff's unseaworthiness claim barred by laches are sufficient to support the dismissal.

Affirmed.

1. ADMIRALTY — SEAMEN — JONES ACT — LIMITATION OF ACTIONS — FEDERAL EMPLOYERS' LIABILITY ACT.

The three-year statute of limitations provided under the Federal Employers' Liability Act applies to claims brought under the Jones Act (45 USC 56; 46 USC 688).

2. ADMIRALTY — SEAMEN — LIMITATION OF ACTIONS — UNSEAWORTHINESS.

A three-year period of limitation applies to claims of unseaworthiness of a vessel brought by seamen injured in the course of serving on a ship (46 USC 763a).

3. ADMIRALTY — SEAMEN — LIMITATION OF ACTIONS — MAINTENANCE AND CURE — LACHES.

Although the doctrine of laches is used to judge the timeliness of a claim for maintenance and cure, because the claim arises as a result of a personal injury, and the claim is usually appended to Jones Act and unseaworthiness claims, it is appropriate to use the three-year limitation period of 46 USC 763a as a standard to evaluate a laches defense (46 USC 688,763a).

*O'Bryan Law Center, P.C. (by Dennis M. O'Bryan and Howard M. Cohen),* for the plaintiff.

*Ray, Robinson, Hanninen & Carle (by Sandra Maurer Kelly and Douglas R. Denny),* and *Hill Lewis (by Richard C. Sanders and James M. Dworman),* for the defendant.

Before: Danhof, C.J., and Cynar and Brennan, JJ.

Per Curiam. Plaintiff Joanne Oliver brought this action against defendant National Gypsum Company, Cement Division, alleging a claim for the wrongful death of her husband, Thomas W. Oliver, under the Jones Act, 46 USC 688, and general maritime law. Following a hearing, the Wayne Circuit Court granted defendant's motion for summary disposition, pursuant to MCR 2.116(C)(7) and (10), and entered an order dismissing plaintiff's complaint. Plaintiff appeals as of right. We affirm.

Plaintiff's decedent was employed by defendant from June 15, 1959, to November 2, 1981, as a crew member on defendant's ships. On January 11, 1985, Mr. Oliver died from a combination of liver destruction, a heart attack, and kidney failure. Plaintiff alleged in her complaint that Mr. Oliver's death was the result of his continual exposure to cement dust in his work environment. However, by plaintiff's own admission, her husband was a smoker, and, from 1980 until his death, he drank heavily, with his consumption reaching as much as a gallon of straight whiskey per day.

In her complaint, filed on March 1, 1988, plaintiff alleged three causes of action available when a seaman is injured in the course of serving on a ship: maintenance and cure, unseaworthiness of the vessel, and negligence under the Jones Act, 46 USC 688.

The trial court granted summary disposition in favor of defendant, finding in part that there was insufficient causation as a matter of law. The court found that the expert evidence testimony established "at best" that the discomfort associated

with Mr. Oliver's chronic obstructive pulmonary disease (i.e., a slight obstruction of his airways caused by his smoking, or exposure to cement dust, or both) induced him to seek relief in excessive alcohol consumption, and that it was the drinking which caused his death. The trial court also found that plaintiff's Jones Act and maintenance and cure claims were barred by the applicable statutes of limitations, and that the claim for unseaworthiness was barred by laches.

In *Szopko v Kinsman Marine Transit Co,* 426 Mich 653, 657-658; 397 NW2d 171 (1986), our Supreme Court noted:

> In general, a seaman has three basic theories of recovery: unseaworthiness of a vessel, maintenance and cure, and an action for damages under the Jones Act, 46 USC 688.
>
> A seaman who becomes ill or injured while "in the service of the ship" is entitled to "maintenance and cure" ("cure" from the Latin noun *cura,* care, healing). Recovery is in the form of a per diem living allowance and payment of medical costs. Recovery is not based on fault and is analogous to workers' compensation. . . .
>
> A seaman may also sue on the basis of the vessel's "unseaworthiness," since a shipowner has an absolute, nondelegable duty to furnish a vessel that is reasonably safe for its intended purposes. . . .
>
> \* \* \*
>
> The Jones Act states that "[a]ny seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury . . . ." The parties agree that there are two basic elements in a Jones Act claim. First, the injury must have occurred "in the course of . . . employment." Second, the injury must have been caused in some way by the defendant's negligence.

Each of the three theories of recovery is distinct and has its own body of interpretive case law. *Id.* at 658.

The three-year statute of limitations provided under the Federal Employers' Liability Act is applicable to claims brought pursuant to the Jones Act. 45 USC 56; *Clay v Union Carbide Corp,* 828 F2d 1103, 1105 (CA 5, 1987). In dismissing plaintiff's Jones Act claim as time-barred, the trial court found that plaintiff's cause of action accrued in August or September of 1980, or no later than November 2, 1981, when Mr. Oliver's employment with defendant ended. We find no error in the trial court's ruling.

In her deposition, plaintiff testified that in 1980 her husband began to complain of chest and breathing problems, and started to drink heavily to alleviate the discomfort. In December of 1981, he was hospitalized for treatment of acute alcoholism. Furthermore, plaintiff alleged before the court below that in an incident which occurred on September 8, 1980, Mr. Oliver was exposed to extremely high levels of cement dust and required immediate medical treatment. Under these facts, we agree with the trial court that plaintiff's decedent knew or had a reasonable opportunity to discover the critical facts of his condition and its cause no later than his last day of employment and, therefore, plaintiff's cause of action accrued no later than that date. See *id.* at 1106-1107.

Plaintiff's maritime tort claim for unseaworthiness is also barred by a three-year statute of limitations provided under 46 USC 763a. *Reynolds v Heartland Transportation,* 849 F2d 1074 (CA 8, 1988). Even though plaintiff's cause of action may have accrued prior to the enactment of § 763a on October 6, 1980, the statute is still applicable because plaintiff's complaint was not filed within

three years of that effective date. *Id.* at 1075; *Clay, supra* at 1105; but see *Fordham v Belcher Towing Co,* 710 F2d 709 (CA 11, 1983) (laches, not § 763a, applied to a claim which accrued before October 6, 1980, however, the suit at issue there was filed prior to October 6, 1983).

We also find no error in the trial court's reliance on the equitable doctrine of laches in deciding to dismiss plaintiff's unseaworthiness claim. The court properly noted as factors in its decision: Mr. Oliver's intervening death, plaintiff's failure to show no prejudice to defendant, and plaintiff's failure to present a reasonable explanation for the delay in filing the lawsuit, using the three-year tort limitation period as a guide. See *Reynolds, supra* at 1075-1076; see also *McKinney v Waterman Steamship Corp,* 739 F Supp 678, 681-682 (D Mass, 1990); and see *Lothian v Detroit,* 414 Mich 160, 165-170; 324 NW2d 9 (1982).

With respect to plaintiff's claim for maintenance and cure, we find dismissal of that claim to have been proper, although the trial court's stated reason for doing so was incorrect.

The trial court found the claim time-barred by the three-year statutory limitation period for personal injury actions. MCL 600.5805(8); MSA 27A.5805(8). However, a claim for maintenance and cure is not predicated on the fault or negligence of the shipowner, or the unseaworthiness of the vessel. It is contractual in nature, arising out of the employment relationship, and seeks damages in the form of subsistence payments, reimbursement for medical expenses, and unearned wages. *McKinney, supra* at 681; *Reed v American Steamship Co,* 682 F Supp 333, 335-336 (ED Mich, 1988). Consequently, limitation periods for tort actions, under § 763a or state statutes, are inapplicable. Instead, the doctrine of laches is utilized to

judge the timeliness of maintenance and cure claims. *McKinney, supra* at 681-682; *Reed, supra* at 336-338; but see *Crisman v Odeco, Inc,* 736 F Supp 712, 721 (ED La, 1990) (maintenance and cure claims dismissed, without analysis, pursuant to § 763a). Still, because the occasion to assert a claim for maintenance and cure is a personal injury, and the claim is usually appended to Jones Act and unseaworthiness claims, it is appropriate to use the three-year limitation period of § 763a as a standard to evaluate a laches defense. *McKinney, supra* at 681-682.

In this case, the trial court did not dismiss plaintiff's maintenance and cure claim on the basis of laches. However, we find that the record and the court's stated reasons for finding plaintiff's unseaworthiness claim barred by laches are sufficient to support dismissal of the maintenance and cure claim on the same basis. Significantly more than three years elapsed between the accrual of plaintiff's cause of action and the filing of the complaint, and plaintiff has offered no good reason for the excessive delay. See *McKinney, supra* at 684. This Court will not reverse where the trial court reaches the correct result for the wrong reason. *People v Beckley,* 161 Mich App 120, 131; 409 NW2d 759 (1987), aff'd 434 Mich 691 (1990).

Affirmed.