SAID v ROUGE STEEL COMPANY

Docket No. 149367. Submitted March 9, 1994, at Detroit. Decided
March 6, 1995, at 9:20 A.M.

Mohsein Said brought an action in the Wayne Circuit Court
against Rouge Steel Company on June 17, 1991, seeking main-
tenance and cure relating to a November 4, 1986, injury he
sustained while working as a seaman on a vessel owned by the
defendant. Previously, an action had been filed by the plaintiff
and mediated in federal district court. The parties accepted the
mediation evaluation, and judgment on the evaluation was
entered on April 25, 1988. The circuit court, Michael L. Stacey,
J., granted summary disposition for the defendant and dis-
missed the action. The plaintiff appealed.

The Court of Appeals *held:*

The plaintiff's claim for maintenance and cure arising from
the injury is barred by laches. However, the case must be
remanded for a determination whether the plaintiff is entitled
to an award under the separate claim for maintenance and
cure for aggravation of the plaintiff's condition resulting from
the failure to pay benefits.

WHITE, P.J., stated that maintenance and cure is designed to
provide a seaman with food and lodging (maintenance) and
medical costs (cure) when the seaman becomes sick or injured
in the ship's service. Maintenance and cure is payable for the
period of incapacity until the seaman reaches maximum medi-
cal recovery, i.e., until the seaman is cured or the incapacity is
declared permanent. The failure to pay maintenance and cure
gives rise to a right of action for the benefits for the sickness or
injury and a separate action for aggravation of the seaman's
condition resulting from the failure to pay. A claim for mainte-
nance and cure is subject to a defense of laches, with delay in
bringing the action judged under the yardstick of the three-
year period of limitation provided by 46 USC 763a for maritime

REFERENCES

Am Jur 2d, Shipping §§ 360, 364, 368, 374, 378, 387.
Supreme Court's views as to a seaman's right, under maritime law,
to maintenance and cure. 43 L Ed 2d 912.

torts. The duty to provide maintenance and cure to the point of maximum recovery is a continuing one. Res judicata, collateral estoppel, and the rule against double recovery do not bar serial suits to collect maintenance and cure. In this case, the plaintiff's claim for maintenance and cure directly relating to his injury is barred by laches. However, the case must be remanded for a determination whether the plaintiff reached maximum cure. If such cure was reached, the present action would be barred; if not, res judicata, collateral estoppel, and the rule against double recovery would not bar an award of maintenance and cure for aggravation of the plaintiff's condition unless it is established that the prior award included the substantial equivalent of future maintenance and cure.

MICHAEL J. KELLY, J., concurring in part and dissenting in part, stated that the plaintiff's claim for maintenance and cure was fully litigated in the federal district court, that any further claims should be pursued in that court, and that the plaintiff approved the dismissal of the action in circuit court, thus barring him from pursuing this appeal.

W. J. CAPRATHE, J., concurring in part and dissenting in part, stated that laches does not bar the plaintiff's claim for maintenance and cure directly relating to his injury as long as the incapacity caused by the injury continues.

Affirmed in part, reversed in part, and remanded.

ADMIRALTY — SEAMEN — MAINTENANCE AND CURE.

Maintenance and cure for a seaman who sustains injury or illness in a ship's service is designed to provide the seaman with food and lodging (maintenance) and medical costs (cure) for the period of incapacity until the seaman is cured or the incapacity is declared permanent; the failure to pay maintenance and cure gives rise to a right of action for the benefits for the injury or illness and a separate action for aggravation of the seaman's condition resulting from the failure to pay; actions for maintenance and cure are subject to a defense of laches.

*O'Bryan Law Center, P.C.* (by *Harold A. Perakis*), for the plaintiff.

*Foster, Meadows & Ballard, P.C.* (by *John L. Foster* and *Paul A. Kettunen*), for the defendant.

Before: WHITE, P.J., and MICHAEL J. KELLY and
W. J. CAPRATHE,* JJ.

WHITE, P.J. Plaintiff appeals as of right the
dismissal of his claim against defendant for main-
tenance and cure. We affirm in part, reverse in
part, and remand.

On November 4, 1986, plaintiff was injured
while employed as a crewman aboard the vessel
*M/V Henry Ford II,* owned and operated by defen-
dant. On January 20, 1987, plaintiff filed suit in
federal district court, alleging negligence under
the Jones Act, 46 USC 688, and unseaworthiness
under general admiralty and maritime law, as
well as a claim for maintenance and cure. The
case was mediated, and both parties accepted the
$500,000 evaluation. On April 25, 1988, judgment
was entered accordingly, awarding plaintiff
$500,000 *nunc pro tunc* to March 1, 1988.

On April 21, 1988, plaintiff sent defendant a
letter stating:

> Insofar as Judgment is *Nunc Pro Tunc* to March
> 1, 1988, maintenance is owing therefrom. Please
> bring this up to date.

Apparently, there was no further correspondence.

On June 17, 1991, plaintiff filed another claim
for maintenance and cure in the Wayne Circuit
Court. Defendant's answer pleaded numerous affir-
mative defenses, among them that plaintiff's claim
was barred by the statute of limitations, by laches,
by collateral estoppel and res judicata, and by the
rule against double recovery. Defendant requested
that the claim be dismissed.

In response, plaintiff argued that his claim was
not barred by the three-year statute of limitations

* Circuit judge, sitting on the Court of Appeals by assignment.

set forth in 46 USC 763a because the claim sounds in contract, rather than tort, and, therefore, the six-year state statute of limitations for contract claims, MCL 600.5807; MSA 27A.5807, is applicable. Regarding laches, plaintiff argued that maintenance and cure is an ongoing obligation, and that failure to pay it gives rise to a right of action not only for the benefits, but also for any aggravation of the original condition caused by the failure to pay. Plaintiff also argued that the defenses of collateral estoppel, res judicata, and double recovery do not apply because the obligation to furnish maintenance and cure continues after a judgment, and can give rise to serial suits for benefits as they come due; the earlier judgment of $500,000 applied only to maintenance and cure due on March 1, 1988, and the instant claim is for maintenance and cure after that time and for aggravation resulting from defendant's failure to pay.

At the hearing on defendant's motion, the circuit court granted summary disposition, stating only, "If there was ever a frivolous case filed, that has to be it." Plaintiff now appeals, arguing that while the circuit court did not specify the grounds on which it granted defendant's motion, none of the grounds argued before the court was a proper basis for dismissal.

I

We first address the statute of limitations issue. As he did below, plaintiff argues that Michigan's six-year statute of limitations for contract claims, MCL 600.5807; MSA 27A.5807, applies rather than the three-year limitation set forth in 46 USC 763a for maritime torts. Plaintiff relies on *Reed v American Steamship Co*, 682 F Supp 333 (ED Mich, 1988) for support, citing it as binding precedent.

In *Reed,* the federal district court addressed a claim for unearned wages as "part of a broader claim for maintenance and cure." *Id.* at 336. It concluded that suits for maintenance and cure were not affected by 46 USC 763a, but, rather, were subject to the doctrine of laches. The court based its conclusion on its review of the statute's legislative history, on the persuasive reasoning of a leading treatise on admiralty law,[1] and on the essential nature of claims for maintenance and cure, which it described as "mutable," having characteristics of both contract and tort claims. *Id.* at 336-338. Observing that maintenance and cure claims, particularly those for unearned wages, are "clearly distinct" from claims for damages for personal injury or death in that they arise from a contractual employment relationship, the court concluded that the analogous state statute of limitations for contracts should be looked to in determining the applicable period for laches. *Id.* at 338. The court also pointed out that a claim for failure to furnish cure would, by contrast, be a personal injury claim subject to § 763a. *Id.* The court relied on the following passage from the treatise:

> Maintenance and cure suits are *not* affected by the Uniform Statute of Limitations for Maritime Torts. Maintenance and cure is contractual in nature and a continuing obligation. However, the failure to furnish cure *is* a personal injury which gives rise to a tort remedy and therefore is subject to the three year limitation period.
>
> The doctrine of laches applies in maintenance and cure suits. Generally, a state statute of limitations applicable to a similar injury on land may by analogy furnish a suitable yardstick to determine what constitutes laches. [Norris, *The Law of Seamen,* § 26:43 (1985).]

---

[1] Norris, *The Law of Seamen* (1985), see text, *infra.*

In *Oliver v Nat'l Gypsum Co,* 187 Mich App 610; 468 NW2d 312 (1991), a case involving a wrongful death claim, this Court took an approach very similar to, and informed by, the decision in *Reed.* As did the *Reed* court, this Court held that the doctrine of laches is to be used to judge the timeliness of a claim for maintenance and cure. *Oliver, supra* at 615. However, while recognizing that such a claim is contractual in nature, arising out of the employment relationship, *id.* at 615, this Court also stated:

> Still, because the occasion to assert a claim for maintenance and cure is a personal injury, and the claim is usually appended to Jones Act and unseaworthiness claims, it is appropriate to use the three-year limitation period of § 763a as a standard to evaluate a laches defense. [*Id.* at 616.]

The Court of Appeals for the Sixth Circuit has not addressed the issue.[2] It is *Oliver* rather than *Reed* that serves as binding precedent. See *Ogle-*

[2] Only two federal circuit courts have addressed whether § 763a applies to claims for maintenance and cure. In *Cooper v Diamond M Co,* 799 F2d 176 (CA 5, 1986), the Fifth Circuit Court of Appeals reversed the district court's ruling that the plaintiff's claim for maintenance and cure was barred by laches. Computing the claim's accrual from the time of the plaintiff's incapacitation from her injury rather than from the time of the injury itself, the Court of Appeals stated, "Cooper was well within the three year statute of limitation embodied in § 763a." *Id.* at 179. This holding has been variously understood as explicitly applying § 763a to claims for maintenance and cure, see *Chacon-Gordon v M/V Eugenol "C",* 1987 AMC 1886, 1887 (SD Fla, 1987), and not actually deciding the issue because the question of inexcusable delay, raised by a defense of laches, was not before it. *Reed, supra* at 337; also *Prude v Western Seafood Co,* 769 SW2d 663, 665 (Tex App, 1989). But see *Armstrong v Trico Marine, Inc,* 923 F2d 55, 58 (CA 5, 1991) (suits under general maritime law must be filed within three years from the date the cause of action accrues, citing § 763a).

In *McKinney v Waterman Steamship Corp,* 925 F2d 1 (CA 1, 1991), the First Circuit Court of Appeals affirmed the district court's decision in 739 F Supp 678 (D Mass, 1990), that the maintenance and cure

*tree v Local 79, SEIU AFL-CIO,* 141 Mich App 738, 750; 368 NW2d 882 (1985).

I conclude, therefore, that plaintiff's argument for a six-year limitation period based on MCL 600.5807; MSA 27A.5807 must fail. The timeliness of plaintiff's action is to be judged under the doctrine of laches, using the three-year limitation period as a yardstick. Under this standard, I conclude that the trial court did not err in dismissing plaintiff's claim for maintenance and cure arising from the original accident. Defendant asserted that plaintiff took no action and made no claim for maintenance or cure at any time between April 1988, when the letter was sent and the federal court judgment was entered,[3] and June 1991, when the instant complaint was filed. Plaintiff did not deny this or otherwise assert that he had good reason for the delay in filing this action.[4]

claim in issue was subject to a three-year limitation. However, whereas the district court had looked to § 763a as its guide, the Court of Appeals' reasoning, similar to that in *Reed,* was that the analogous state statute of limitations for contract actions to recover for personal injuries was also three years. The court stated:

> [W]e need not decide whether the district court properly selected the section 763a three-year limitations period as the relevant benchmark. [925 F2d 3.]

[3] In applying the doctrine of laches, we must look to the April 1988 date rather than the date of injury because plaintiff made a timely claim concerning the period from the injury to the settlement of the federal court case. It has long been recognized that serial claims are appropriate. The question is whether this subsequent claim is timely, and common sense dictates that the timeliness be judged with respect to the date of settlement of the prior claim, not the date of the original injury.

[4] Relying on *Pelotto v L & N Towing Co,* 604 F2d 396, 401 (CA 5, 1979), and *Cooper v Diamond M Co, supra,* Judge CAPRATHE would hold that a suit for maintenance and cure can be maintained for benefits during the three years before the filing of the suit, regardless of when the underlying injury or disability occurred, on the basis that "maintenance and cure is a cause of action that is of a continuous nature, and, thus, the plaintiff can initiate a maintenance and cure claim for benefits in a series of lawsuits until the plaintiff is cured or

This does not, however, address plaintiff's argument, supported by case law,[5] that maintenance and cure is an ongoing obligation, and that failure to pay it gives rise to a right of action not only for the benefits, but also for any aggravation of the original condition arising from the failure to pay, as an additional cause of action, giving plaintiff a viable claim for aggravation occurring during the three years before the filing of the suit. The circuit court did not acknowledge or address this issue. We reverse the court's grant of summary disposition with respect to this claim and remand for further proceedings. In order to recover for aggravation, plaintiff must establish that he was entitled to additional maintenance and cure during

until he is deemed permanently disabled." *Post* at 163. Presumably this would apply even to suits brought ten or fifteen years after an injury, notwithstanding that no prior claim had ever been brought, as long as maximum cure has not been reached and plaintiff only seeks recovery for the three years before the filing of the suit.

However, *Pelotto* addressed a seaman's right to bring serial suits for maintenance and cure after settling a prior suit. The question was whether the subsequent suit was barred by res judicata, not by the statute of limitations or laches. *Cooper* did involve a statute of limitations issue. The court held that because the plaintiff's claim accrued in 1983, when she became "incapacitated to do a seaman's work," citing *Vaughan v Atkinson*, 369 US 527, 531; 82 S Ct 997; 8 L Ed 2d 88 (1962), and not when she slipped and fell in 1979, and the complaint was filed within three years of the 1983 date, the claim was not barred. The court did not address the question whether, if the claim had accrued in 1979, the plaintiff could maintain an action for benefits for the three years preceding the filing of the suit. *Cooper* and other cases addressing the statute of limitations issue, e.g., *McKinney v Waterman Steamship Corp, supra,* impliedly hold that a plaintiff cannot maintain an action for maintenance and cure benefits that became due during the three years preceding a suit commenced more than three years after the disability occurred; if a plaintiff could maintain such a suit, the date of accrual would be unimportant. In other words, the *Cooper* court could have simply held that because the plaintiff sought maintenance and cure beginning in 1983 and brought her suit in 1984, no limitations issue was presented. None of the statute of limitations cases that hold that a claim for maintenance and cure is barred go on to remand for consideration of benefits that became due during the three years before the filing of the suit.

[5] *Vaughan v Atkinson, supra; Cortes v Baltimore Insularline,* 287 US 367; 53 S Ct 173; 77 L Ed 368 (1932).

this time, that defendant failed to pay it, and that plaintiff's condition was aggravated as a result of the failure to pay.

II

Because plaintiff's claim for aggravation due to a failure to provide continuing maintenance and cure is dependent on a showing that maintenance and cure was owing during the relevant period, we must address defendant's assertion that any right to continued maintenance and cure after the entry of judgment in the federal court case is barred by res judicata, collateral estoppel, or the rule against double recovery.

Maintenance and cure is designed to provide a seaman with food and lodging (maintenance) and medical costs (cure) when the seaman becomes sick or injured in the ship's service. *Vaughan v Atkinson,* 369 US 527, 531; 82 S Ct 997; 8 L Ed 2d 88 (1962). Recovery is not based on fault, is analogous to worker's compensation, and takes the form of a per diem living allowance and payment of medical costs. *Oliver, supra* at 613, quoting *Szopko v Kinsman Marine Transit Co,* 426 Mich 653, 657-658; 397 NW2d 171 (1986). Maintenance and cure is not intended to confer lifetime benefits. *Farrell v United States,* 336 US 511, 515; 69 S Ct 707; 93 L Ed 850 (1949). However, it covers not only the period during which the seaman is incapacitated from doing the seaman's work, but continues until the seaman reaches maximum medical recovery. *Vaughan, supra.* Maximum medical recovery means "until the sick or injured person has been cured, or incapacity has been declared of a permanent character."[6] *Farrell, supra* at 517.

Because payments for maintenance and cure are

---

[6] Quoting 54 Stat 1693, art 1, ¶ 1.

intentionally limited to the time needed for recovery, *Farrell, supra,* lump sums in anticipation of a continuing need or for an indefinite period are inappropriate, although an award may include payment for future maintenance and cure of a particular kind and for a particular, ascertainable period. *Calmar S S Corp v Taylor,* 303 US 525, 530-532; 58 S Ct 651; 82 L Ed 993 (1938); *Farrell, supra* at 519; *Gypsum Carrier, Inc v Handelsman,* 307 F2d 525, 532 (CA 9, 1962); *Pelotto v L & N Towing Co,* 604 F2d 396 (CA 5, 1979). Thus, at the time of trial, a seaman's recovery for maintenance and cure is limited to the maintenance and cure thus far accrued, but a court, in its discretion, may add limited amounts for immediate future costs. *Calmar S S Corp, supra.*

Nonetheless, the duty to provide maintenance and cure as needed to the point of maximum recovery is a continuing one. *Loverich v Warner,* 118 F2d 690, 693 (CA 3, 1941); *Farrell, supra; Pelotto, supra* at 400-402. For this reason, the doctrines of res judicata and collateral estoppel do not bar serial suits to collect maintenance and cure, and subsequent claims are appropriate where the criteria for collecting such benefits are met. *Pelotto, supra* at 398, 401-402. However, to establish a right to additional payments in a subsequent suit, a plaintiff must show that maximum cure has not been attained and justify his costs. *Id.* at 402-404. Additionally, it is recognized that damages awarded under the Jones Act may include the same elements as those covered by maintenance and cure, although comparative negligence is not a defense to a claim for maintenance and cure. *Gypsum Carrier, supra* at 532-533.

Applying these principles, we turn to the question whether plaintiff's claim is barred by collateral estoppel, res judicata, or the rule against

double recovery. The trial court did not specifically address this issue, and the record is otherwise insufficient to support dismissal on this basis. We therefore remand for further consideration of plaintiff's arguments in light of this opinion. We note that an evidentiary hearing may be necessary, during which the court may inquire into the extent to which a permanent injury was established in the prior case, as distinguished from a condition for which maximum cure has not yet been attained, and the extent to which the prior award included damages that are the substantial equivalent of maintenance and cure. If the trial court concludes on remand that a condition of maximum cure was established in the prior case, through deposition testimony, medical records, and so on, then the present suit is barred because of an inability to show an entitlement to maintenance and cure during the period in issue. If maximum cure had not been attained at that time, then, unless it is shown that the earlier award included amounts that are the substantial equivalent of future maintenance and cure, the aggravation claim is not barred on res judicata, collateral estoppel, or double recovery grounds. *See Pelotto, supra* at 404.

Lastly, we observe that the second and third points raised in Judge KELLY's opinion were not argued by defendant. Defendant does not assert that plaintiff was obliged to proceed in federal court. And, it is clear from the record that plaintiff opposed the motions for summary disposition and that the notation "approved as to form and substance" was in error. Defendant has not argued that the notation constitutes a waiver precluding review of the merits.

Affirmed in part, reversed in part, and re-

manded for proceedings consistent with this opinion. We do not retain jurisdiction.

MICHAEL J. KELLY, J. *(concurring in part and dissenting in part).* To the extent the lead opinion affirms the grant of summary disposition, I concur in the result.

In all other respects, I dissent and would affirm for three reasons:

1. Plaintiff's claim for injuries sustained on November 4, 1986, in the course of his employment as a crewman aboard defendant's vessel was litigated in federal court. The complaint included a claim for maintenance and cure, and a terse two-paragraph judgment was entered that did not preserve, leave open, exclude, mention, or otherwise refer to any ongoing claim for maintenance and cure.

2. If plaintiff has any claim for maintenance and cure arising out of that cause of action, he should pursue it in federal court because that court ought to interpret its own judgment, not this Court.

3. This case was dismissed on February 4, 1992, in the Wayne Circuit Court and plaintiff's attorney approved that dismissal "as to form and content." That approval has the effect of a consent judgment and no appeal lies therefrom. *Trupski v Kanar,* 366 Mich 603, 607; 115 NW2d 408 (1962); *Walker v Walker,* 155 Mich App 405, 406; 399 NW2d 541 (1986).

The lead opinion states that the second and third points raised in this dissent were not argued by defendant. On the contrary, defendant alleged and urged that because maintenance and cure was pleaded in the federal court action and was not excluded from the judgment in that forum, res judicata bars relitigation. Two judgments were entered in this case. A judgment was entered

under the seven-day rule on December 9, 1991, dismissing the action with prejudice and without cost to either party, and a second judgment entitled, "Order Setting Aside December 9, 1991 Order Granting Defendant's Motion for Summary Disposition and Reentering Order Granting Summary Disposition" followed. The second judgment was dated February 4, 1992, and was endorsed, "approved as to form and content," signed by Harold Perakis, attorney for the plaintiff, and Paul Kettunen, attorney for the defendant. The reason for the second judgment is not explained in the record. The approval by counsel cannot be denied and is not denied. Neither fraud nor mistake has been raised. I think appellate review is barred.

I would affirm.

W. J. CAPRATHE, J. *(concurring in part and dissenting in part).* I concur with the lead opinion in all respects except that I would also hold that plaintiff has a viable claim for maintenance and cure benefits going back as far as three years before the filing of the lawsuit.

In *Pelotto v L & N Towing,* 604 F2d 396, 401 (CA 5, 1979), the Fifth Circuit Court of Appeals held:

> The rule of *res judicata* (and collateral estoppel), recognizable in admiralty, is subject to the substantive limitation that seamen have always been accorded the right to bring serial suits to collect maintenance payments as they come due.

Likewise, in *Cooper v Diamond M Co,* 799 F2d 176, 179 (CA 5, 1986), the Fifth Circuit Court of Appeals held:

> Seamen have always been accorded the right to

bring suit, including serial suits, to collect mainte-
nance and cure benefits, as they become due. . . .

These cases indicate that maintenance and cure is
a cause of action that is of a continuous nature,
and, thus, the plaintiff can initiate a maintenance
and cure claim for benefits in a series of lawsuits
until the plaintiff is cured or until he is deemed
permanently disabled.

The present case is distinguishable from the case
of *McKinney v Waterman S C Corp,* 925 F2d 1 (CA
1, 1991). In *McKinney,* the plaintiff sued in part
for maintenance and cure and the action was
dismissed when the defendant filed for bankruptcy
almost two years after the accident occurred. Al-
though the bankruptcy stay precluded the plaintiff
from filing his claim for three years, the plaintiff
waited almost 2½ years after the bankruptcy case
was dismissed before he refiled his maintenance
and cure action. The federal district court held
that laches barred the maintenance and cure
claim because it found that the plaintiff failed to
exercise due diligence because he waited eight
years after the accident took place to sue. There
was never a previous adjudication determining
that the plaintiff in the *McKinney* case was enti-
tled to maintenance and cure benefits for the
injury he received eight years previously.

In the present case, the plaintiff was injured on
November 4, 1986, and he sued in federal court on
January 20, 1987. A judgment was subsequently
entered on April 25, 1988, and it ordered that the
plaintiff receive maintenance and cure benefits.

Therefore, because the plaintiff in the present
case had a previous judgment for maintenance and
cure based upon the November 4, 1986, injury, I
believe laches does not preclude the plaintiff from
pursuing another claim for maintenance and cure

benefits as long as the trier of fact is satisfied that he is incapacitated from this same injury and the incapacity is not of a permanent character. Although the lead opinion cites *Cooper, supra,* to support its contention that the plaintiff's claim is barred by laches because the plaintiff waited over three years after the federal judgment to file the instant lawsuit, the Fifth Circuit Court of Appeals in *Cooper* held on page 179:

> "Maintenance is a *per diem* living allowance, paid so long as the seaman is outside the hospital and has not reached the point of 'maximum cure.' " . . . "The Supreme Court has long recognized the importance of these remedies . . . and has declared that the doctrines of maintenance and cure are to be liberally construed to benefit the seaman." . . . "When there are ambiguities or doubts, they are resolved in favor of the seaman." (Citations omitted.)

I disagree that the maintenance and cure claim should be dismissed.