# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN MICHAEL JONES and OUTBACK
PROPERTY MANAGEMENT, LLC,

Plaintiffs-Appellants,

v

WESTMINSTER, LLC and LEONARDO
ROBERTS,

Defendants-Appellees.

UNPUBLISHED
May 24, 2018

No. 334447
Macomb Circuit Court
LC No. 2015-001987-CB

Before: CAMERON, P.J., and SERVITTO and GLEICHER, JJ.

CAMERON, P.J. (*concurring in part and dissenting in part*).

The parties to this litigation entered into a Global Release of Claims (GRC) after their business relationship fell apart. A term of the release required defendants to refrain from filing a complaint with any government agency regarding plaintiffs' business practices. Defendants breached the GRC in 2012 when they filed an administrative complaint with the Department of Licensing and Regulatory Affairs (LARA) concerning plaintiffs' alleged improper business operations. Plaintiffs sued for breach of contract associated with the breach, obtained summary disposition in their favor, and were awarded damages. Plaintiffs also obtained an order for injunctive relief requiring defendants to withdraw their complaint in the hope that the state would then not open an investigation. Although defendants withdrew the administrative complaint, plaintiffs readily acknowledged to the trial court that the state was an independent entity and that additional damages would inevitably accrue if the state decided to move forward with an investigation. Despite this understanding, plaintiffs obtained a final judgment for the then existing damages only and failed to preserve their right to recover future damages in the judgment. To no one's surprise, the state elected to move forward with an investigation, resulting in additional attorney fees to plaintiffs. In 2015, plaintiffs filed a second lawsuit in which they alleged, among other things, "ongoing damages" from the same breach of contract claim adjudicated in 2013. The trial court dismissed plaintiffs' breach of contract claim on res judicata grounds. On appeal, plaintiffs now argue their second breach of contract lawsuit is not barred on res judicata grounds because they "tacitly preserved" their right to recover future

damages before the trial court.[1]  I agree with the majority opinion that res judicata does not bar new breach of contract claims against defendant Leonardo Roberts because plaintiffs alleged breaches of the GRC that were not decided in the first lawsuit.  However, principles of res judicata should bar the remainder of plaintiffs' breach of contract claim because it was decided in the previous lawsuit.  Therefore, I respectfully concur in part and dissent in part.

"The doctrine of res judicata is employed to prevent multiple suits litigating the same cause of action." *Adair v State*, 470 Mich 105, 121; 680 NW2d 386 (2004).  To prove that a suit is barred on res judicata grounds, the following is required: "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Id*., citing *Sewell v Clean Cut Mgt, Inc*, 463 Mich 569, 575; 621 NW2d 222 (2001).  Michigan courts have "taken a broad approach to the doctrine of res judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair*, 470 Mich at 121.

The majority offers two rationales to explain why plaintiffs' second breach of contract lawsuit is not extinguished under res judicata.  To begin, the majority interprets paragraphs 17 to 25 of the 2015 complaint as alleging new breaches of the GRC that occurred after the first lawsuit; thus entitling plaintiffs to file a second breach of contract lawsuit for that misconduct.  As an alternative approach, the majority cites to several Michigan cases and the Restatement as its authority that subsequent breaches of contract are not necessary before successive breach of contract lawsuits are permissible to "redress a continuing harm."

I disagree with the majority's analysis.  As for the first rationale, the 2015 complaint simply does not support the majority's broad, unsupported assertion of subsequent contractual breaches.  As for the second basis, the majority fails to acknowledge that the Restatement and all the case law it cites require more than a continuing harm; a subsequent breach of contract is required before the same action may be refiled.  To resolve these issues, I address each of the allegations in the 2015 complaint that the majority relies on to render its decision.

## I.  PARAGRAPH 17

The majority correctly concludes that the doctrine of res judicata does not extinguish the breach of contract claim in paragraph 17 of the complaint because the breach asserted was not, and could not, have been litigated in the first lawsuit.  Paragraph 17 alleges:

"Unknown to this Honorable Court or Plaintiffs at the time of the 2013 Case, defendant Roberts held a Durable Power of Attorney over another company that was party to the GRC, being Riek Holdings, LLC ("Riek"), which company also

---

[1] Interestingly, plaintiffs claim to have tacitly preserved the ability to collect future damages from their original breach of contract claim, yet they did not attempt to reopen the original case in order to collect on those damages.

filed . . . two (2) other separate LARA Complaints against Plaintiffs under case numbers 65-12-000028 and 65-12-00028 [sic] . . . ."

Stated differently, plaintiffs alleged that defendant Roberts used his undisclosed interest in Riek Holdings, LLC (Riek) to surreptitiously file LARA complaints against plaintiffs in violation of the GRC. Roberts' control over Riek was not discovered until much later, plaintiffs asserted, otherwise these contemporaneous breaches of the GRC would have been included in the first lawsuit. As previously stated, the third prong of res judicata requires that "the matter in the second case was, or could have been, resolved in the first." *Id*. Because the relationship between Roberts and Riek was understandably unknown when the first complaint was filed, this issue was neither raised by plaintiffs nor decided by the trial court. Accordingly, res judicata does not bar this claim that was not, and could not, have been resolved in the first lawsuit.[2]

## II. PARAGRAPHS 18 AND 19

Paragraphs 18 and 19 of plaintiffs' amended complaint, on the other hand, do not allege a new breach of the GRC or of the trial court's injunction. Instead, plaintiffs assert, and the majority readily accepts, that plaintiffs are entitled to file a second lawsuit to recover damages that have accrued since the resolution of the same, previously adjudicated breach of contract lawsuit. I disagree.

Paragraph 18 of plaintiffs' amended complaint avers, "Following the entry of the Court's injunctive orders in the 2013 Case, Plaintiffs continued to accrue and incur *ongoing damages* caused by Defendants' *established breach* [of] the GRC . . . ." (First alteration in original; emphasis added.) Plaintiffs' assertion of the same breach of contract claim meets the elements of res judicata and should be barred. It is clear that the first lawsuit was decided on the merits when the trial court granted injunctive relief and awarded attorney fees and costs for defendants' breach of the GRC. It is equally clear that both suits involve the same parties. Finally, the breach and all damages arising from the breach were litigated and decided, at the plaintiffs'

---

[2] Turning to the Restatement, the drafters provide that

> [a] defendant cannot justly object to being sued on a part or phase of a claim that the plaintiff failed to include in an earlier action because of the defendant's own fraud. Thus, when the defendant takes several articles at one time and on being asked by the plaintiff fraudulently denies taking some of them and suit is brought for the remainder, a judgment in that action does not bar the plaintiff from subsequently maintaining an action for those articles not included in the first action. [Restatement Judgments, 2d § 26, p 244.]

In a similar vein, defendants allegedly concealed the fact that they filed other complaints through Riek. Plaintiffs should not be barred from bringing a breach of contract action based on this alleged wrongful conduct.

insistence, by the trial court in the first lawsuit.[3] Thus, any claim based on these allegations should be barred by the general principles of res judicata.

Plaintiffs could have avoided this issue if they had preserved their interest to recover future damages in the first lawsuit, and we should not now broaden a narrow exception to circumvent the doctrine of res judicata to accommodate plaintiffs' failure to preserve their interests. Plaintiffs knew before they secured their final judgment that attorney fees would soar if LARA followed up on Jones' complaint and investigated plaintiffs' business practices. Their attempt to mitigate this risk was limited to obtaining an ineffective injunction requiring Jones to withdraw his complaint with LARA. But plaintiffs should have done much more. Plaintiffs could have incorporated their interest in future damages into a settlement agreement that provided them with the right to return to the trial court at a later time to recover additional damages that accrued from defendants' adjudicated breach of the GRC. This reasonable approach would have avoided claim preclusion under the doctrine of res judicata. Further, contrary to the majority's opinion, it also would not violate "[a] fundamental principle governing contract damages" that limits damages to "foreseeable, proven losses." There is nothing speculative about returning to the trial court and proving one's damages *after* they are realized. Rather than follow this approach, plaintiffs pursued a final judgment that limited damages to those that had accrued at that time. Plaintiffs' glaring omission is impossible to ignore when one considers other options available to protect their interest, like requesting the trial court to postpone entry of final judgment until the issue of future damages became clear, seek a declaratory action, or elect to file its lawsuit later after the full extent of damages were known. Plaintiff had ample opportunities to avoid the doctrine of res judicata. We should not now throw plaintiffs a lifeline to avoid claim preclusion to excuse their failure to preserve their interest in the first lawsuit.

Plaintiffs attempt to remedy their tactical error on appeal by alleging that they "tacitly preserved" their right to recover future damages stemming from the adjudicated claim. This argument is without merit and the majority is wise not to embrace it. Plaintiffs claim that the trial court only entered a partial order, which preserved their right to seek future damages once they were known. As evidence, plaintiffs cite to the injunctive order and the trial court's comments that additional damages could accrue in the future if an investigation commenced. The trial court, however, never expressly preserved any such right, nor did plaintiffs ever request orally or by motion that it be preserved. "[A] court speaks through its written orders and judgments, not through its oral pronouncements." *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009). Unless expressly preserved by the trial court, any claim for future damages not obtained in the order would be barred on res judicata grounds. Thus, this argument is without merit.

---

[3] Plaintiffs admit as much in their brief on appeal when they claim that liability has already been decided on the breach of contract claim because the trial court granted summary disposition, finding a breach of the GRC.

Additionally, Paragraph 19 of plaintiffs' complaint similarly makes no new breach of contract claim. Paragraph 19 partially alleges "[d]efendants never actively sought the dismissal and/or discontinuation of any of these LARA complaints." But compliance with the injunctive order is wholly irrelevant as to whether plaintiffs have properly pleaded a separate breach of the contract. The remainder of Paragraph 19, as quoted in the majority opinion, alleges defendants "further engaged in conduct intended to instigate further investigative efforts by LARA with regard to [p]laintiffs." However, there is nothing in the record showing a breach of the GRC that occurred after the original breach of contract claim. Because general principles of res judicata should extinguish plaintiffs' second claim, the issue turns on whether an exception applies.[4]

The majority concludes the claims in paragraphs 18 and 19 are viable due to an exception to res judicata found in the Restatement, but then misapplies the exception. The Restatement Judgments, 2d § 26(1)(e), p 234, provides:

> For reasons of substantive policy in a case involving a *continuing or recurrent wrong*, the plaintiff is given an option to sue once for the total harm, both past and prospective, or to sue from time to time for the damages incurred to the date of suit, and chooses the latter course[.] [Emphasis added.]

Application of the exception requires a "continuing or recurrent wrong." However, paragraphs 18 and 19 do not allege a continuing or recurrent wrong. Plaintiffs allege only "ongoing damages" stemming from one, previously "established breach" from 2013. That breach or wrong occurred when defendants filed a complaint with LARA. The claim was litigated, damages were paid, and a final order was entered. Plaintiffs do not allege here that a subsequent breach of contract occurred after the 2013 judgment was entered that would permit the same claim to obtain additional damages for the transaction or occurrence already decided. Because paragraphs 18 and 19 do not allege a new breach of the agreement, let alone a continuing or recurring one, the exception under § 26(1)(e) does not apply.[5] As to these allegations, our analysis should end here.

---

[4] In their second lawsuit, plaintiffs also sought to recover the $65,000 that defendants received under the terms of the GRC based on the breach of contract claim the trial court already decided. Plaintiffs did not attempt to recover these damages in the first lawsuit, and therefore, this claim as alleged is clearly barred under the doctrine of res judicata. There was only one breach of the contract, and plaintiffs should have attempted to recover these damages in the first action (this does not preclude the possibility that these damages may be recoverable under the claim as alleged in Paragraph 17).

[5] In fact, the drafters of the Restatement indicate that "[a] judgment in an action for breach of contract does not normally preclude the plaintiff from thereafter maintaining an action for breaches of the same contract that consist of failure to render performance due after commencement of the first action." Restatement Judgments, 2d § 26, p 240. Further, it provides that even if a breach is material, "the plaintiff may elect to treat it as being merely a partial breach," and he can elect "to maintain an action for damages sustained from breaches up to the time of the institution of the action, and the judgment does not preclude a further action by him

-5-

The majority, however, compares the circumstances here to three Court of Appeals cases to bolster its conclusion that the second breach of contract claim is not precluded by res judicata. Importantly, all three cases cited by the majority involve a continuing or recurrent wrong— which is not present in this case. In *Said v Rogue Steel Co*, 209 Mich App 150, 158-160; 530 NW2d 765 (1995), this Court concluded that a seaman could bring a subsequent action for maintenance and cure even after having filed a previous action. We held that "the duty to provide maintenance and cure as needed to the point of maximum recovery is a *continuing* one." *Id*. at 159 (emphasis added). Thus, the plaintiff's subsequent action for maintenance and cure could be maintained if the plaintiff had not reached the point of maximum recovery, and the defendant continued to breach its duty. *Id*. In *Plaza Investment Co v Abel*, 8 Mich App 19, 27; 153 NW2d 379 (1967), we explained in this landlord and tenant dispute that "[a] covenant to keep in repair throughout the term of the lease is capable of constant or *continuous breach* and, thus, the fact that damages have been recovered for a breach of such a covenant will not bar a second suit seeking damages suffered from the continuing breach since the last recovery." (Emphasis added.) For that reason, we held that because "the disrepair continued well after the date . . . of acquisition of the property by [the defendant]," the plaintiff could institute a second action for a continuous breach of the contract. *Id*. at 27-28. Finally, in *Burroughs v Lake Arrowhead Prop Owners Ass'n*, unpublished opinion per curiam of the Court of Appeals, issued March 16, 2001 (Docket No. 221511), p 2, this Court simply held that the "plaintiffs' subsequent action seeking to recover further damages for [the] defendant's alleged *continuous breach* of its contractual duty is not barred by the doctrine of res judicata." (Emphasis added.) Unlike the allegations here, *Said*, *Plaza Investment Co*, and *Burroughs* involved subsequent breaches of contract that provided a narrow path for a second lawsuit for the same claim. The facts alleged here are clearly distinguishable.

While defendants certainly have a continuous contractual duty to refrain from filing administrative complaints to governmental entities, plaintiffs do not claim in Paragraphs 18 and 19 that defendants breached any such continuous duty. Instead, plaintiffs contend that the harm

---

for a breach occurring after that date." *Id*. at p 241. The drafters provided the following illustration wherein this exception is applied to a breach of contract:

> A and B make a contract under which A employs B. B commits a material breach of the contract, but requests A to allow the employment to continue. A says that he will do so, but that he must have damages for the breach already committed. A accordingly brings an action against B for the breach. Judgment is given for A. A is not precluded from thereafter maintaining an action against B for a breach of the contract committed *after the first action was commenced*. [*Id*. (emphasis added).]

Here, unlike in the example, there is no breach of contract alleged under Paragraphs 18 or 19 that occurred after the first action was commenced. Because the contract was a release that remained binding, plaintiffs very well have the right to maintain any actions for subsequent breaches of the contract. However, that is not the basis for plaintiffs' claims. Instead, the majority points only to continuing damages—not continuing violations of the contract.

from the initial breach has continued beyond the final judgment entered in the first case. In the context of tort law, we held that " '[a] continuing wrong is established by continuing tortious *acts*, not by continual harmful effects from an original, completed act.' " *Jackson Co Hog Producers v Consumers Power Co*, 234 Mich App 72, 83; 592 NW2d 112 (1999), quoting *Forest City Enterprises, Inc v Leemon Oil Co*, 228 Mich App 57, 76 n 7; 577 NW 2d 150 (1998) (alteration in original). While the majority correctly emphasizes that this is an action in contract, not tort, the fact remains that we have always required the breach of a continuous duty, contractual or otherwise, to avoid the doctrine of res judicata. Such circumstances were present in *Said*, *Plaza Investment Co*, and *Burroughs*. Today the majority expands the exception to allow subsequent actions for breach of contract for future damages that arise from the original breach. The doctrine of res judicata is to be applied broadly, *Adair*, 470 Mich at 121, yet the majority has chosen to broaden the exception and expose contracting parties to multiple lawsuits to recover future damages that were foreseeable but not preserved.

### III. PARAGRAPHS 20 TO 21 AND 23 TO 25

The majority cites to Paragraphs 20 and 21, which detail wrongful *tortious* conduct occurring after the 2013 judgment, including defamation and tortious interference. Paragraphs 23 to 25 involve damages arising from alleged tortious conduct. However, these torts are irrelevant to the breach of contract issue on appeal, and the majority's reliance on these allegations to circumvent the doctrine of res judicata is misplaced.

The trial court disposed of multiple claims below, all of which stem from allegations in Paragraphs 20 and 21. Summary disposition was granted in favor of defendants and several claims were dismissed, e.g., rescission of contract, unjust enrichment, fraud and misrepresentation, silent fraud/innocent misrepresentation, business defamation, and injunctive relief. The remaining claims of tortious interference with business relationships, tortious interference with contractual relations, and injurious falsehood, survived summary disposition and remain pending before the trial court. The only issue on appeal is whether the trial court erred in its application of res judicata to extinguish plaintiffs' breach of contract claim. The majority, however, conflates the tort allegations in paragraphs 20 and 21 as "continuing wrongful misconduct" to allow the pursuit of an unrelated breach of contract claim. The tortious conduct is either the subject of litigation or has been found on summary disposition to have no basis in law. The claims in paragraphs 20 and 21 of the amended complaint are irrelevant to the breach of contract issue raised on appeal. Thus, these allegations should not be considered in the res judicata analysis.

In concluding, I would find that Paragraphs 18 through 25 do not support any claim that survives the doctrine of res judicata. However, Paragraph 17 does allege a separate, albeit limited, claim that would not be barred on res judicata grounds. For these reasons, I respectfully concur in part and dissent in part.


/s/ Thomas C. Cameron